UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARK R. JOHNSON, | ) | Case No.: 4:20 CV 1325 |
| | ) | |
| Petitioner | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| MARK K. WILLIAMS, | ) | |
| | ) | MEMORANDUM OF OPINION |
| Respondent | ) | AND ORDER |

*Pro se* Petitioner Mark R. Johnson filed the above-captioned Petition for a Writ of Habeas

Corpus pursuant to 28 U.S.C. § 2241 seeking immediate release to home confinement under the

Coronavirus Aid, Relief, and Economic Security ("CARES") Act.  Petitioner is a District of

Columbia prisoner incarcerated in FCI-Elkton.  Petitioner alleges that FCI-Elkton has a large number

of inmates with confirmed cases of COVID-19.  He indicates the dormitory style housing in the

prison makes it difficult for the prison to fully prevent the spread of COVID-19.  He contends that

although the Bureau of Prisons ("BOP") has the authority to release prisoners under the CARES Act,

and has been ordered to do so by United States District Judge James S. Gwin in another case, *Wilson*

*v. Williams*, No. 4:20 CV 794, it has not adequately utilized this option at FCI-Elkton.  He alleges

exhaustion of administrative remedies will be futile due to the transmission rate of the virus and the

unlikelihood of the BOP granting him relief.  He asks this Court to order his release to home

confinement and hold Warden Williams in contempt for failing to obey Judge Gwin's Order.

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

The BOP has the sole authority to determine the place of an inmate's confinement. 18 U.S.C. § 3621(b). Congress has also granted the BOP authority to permit an inmate to serve the end of a term of incarceration in a community correctional facility or residential reentry center ("RRC"), such as a halfway house, for a period not to exceed twelve months, or to place an inmate on home confinement for the shorter of ten percent of the term of imprisonment or six months. 18 U.S.C. § 3624(c)(1) and (2). That authority was expanded under the CARES Act, § 12003(b)(2), which provides:

> During the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau [of Prisons], the Director of the Bureau [of Prisons] may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director

determines appropriate.

CARES Act, Pub.L. 116-136, Div. B., Title II, § 12003(b)(2). On April 2, 2020, the Attorney General declared that because of COVID-19, emergency conditions are materially affecting the functioning of the BOP, and the BOP Director now has authority to grant home confinement to a larger group of prisoners. *See United States v. Read-Forbes*, No. 12-20099-01-KHV, 2020 WL 1888856, at *5 (D. Kan. Apr. 16, 2020). The BOP, however, still has the sole authority to decide whether home confinement under the CARES Act is appropriate.[1] *See Woods v. Bureau of Prisons*, Respondent., No. CV 0:20-115-KKC, 2020 WL 5919671, at *2-3 (E.D. Ky. Oct. 6, 2020)(while the CARES Act allows the Bureau of Prisons to "lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement," it does not give courts the authority to grant home confinement requests); *United States v. Ralston*, No. 3:13-CR-105-CRS, 2020 WL 2600976, at *1 (W.D. Ky. May 21, 2020)("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court has no authority under this provision to order that a prisoner be placed on home confinement"); *United States v. Black*, No. 2:12-CR-263-3, 2020 WL 2213892, at *1-2 (S.D. Ohio May 7, 2020)(district court does not have the authority to dictate home confinement placements to the BOP under the CARES Act); *United States v. Boyd*, No. 3:14-CR-86, 2020 WL 2106023, at *1-2 (E.D. Tenn. May 1, 2020)(the Court does not have the power to order home confinement under the CARES Act). This Court has

---

[1] *See United States v. Daniels*, No. 4:08-CR-0464-SLB, 2020 WL 1938973 at *1-2 (N.D. Ala. Apr. 22, 2020)(only the BOP has the authority to place a defendant on home confinement under the CARES Act); *Read-Forbe*s, 2020 WL 1888856 at *5 (district court does not have the authority to dictate home confinement placements to the BOP under the CARES Act); *United States v. Serfass*, No. 3:15-39, 2020 WL 1874126, at *3 (M.D. Pa. Apr. 15, 2020)(the determination of which inmates qualify for home confinement under the CARES Act is for the BOP Director).

no authority to override that decision or to order the BOP to place Petitioner on home confinement under the CARES Act.

Furthermore, prisoners must exhaust their administrative remedies before filing a § 2241 habeas petition. *See, e.g., Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013) (citing *Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006)). *See also Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1981). Exhaustion protects administrative agency authority and provides the agency with the first opportunity to address issues that arise with respect to the programs it administers. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006).

District courts within this Circuit have found that the "requirement of exhaustion applies equally to § 2241 petitions in which COVID-19 is the backdrop for the relief sought." *Cottom v. Williams*, 2020 WL 2933574 at * 1 (N.D. Ohio June 3, 2020). *See also Bronson*, 2020 WL 2104542 at * 2 ("The Court finds that the prudential concerns surrounding the enforcement of the exhaustion requirement for motions brought pursuant to 28 U.S.C. § 3582 apply equally to habeas petitions seeking similar relief under 28 U.S.C. § 2241."); *Singleton v. Williams*, 2020 WL 2526990 at * 1 (N.D. Ohio May 18, 2020) ("This court agrees with other district courts that have held it is necessary for federal prisoners to demonstrate they have exhausted their administrative remedies with the BOP before seeking relief due to COVID-19 circumstances whatever the statutory basis for their claim (i.e., whether they seek relief under § 2241 or 18 U.S.C. § 3582.)"); *Simmons v. Warden, FCI-Ashland*, 2020 WL 1905289 at *3 (E.D. Ky. Apr. 17, 2020) (denying without prejudice defendant's habeas petition, pursuant to 28 U.S.C. § 2241, for immediate release due to COVID-19 for failure to exhaust administrative remedies); *Burke v. Hall*, 2020 WL 553727 at *1 (M.D. Tenn. Feb. 4. 2020) (denying without prejudice § 2241 habeas petition seeking immediate release because

it was "apparent on the face of Burke's...petition that he did not exhaust his administrative remedies"). The Bureau of Prisons is in the best position to determine the proper placement of inmates taking into account individual considerations based on an inmate's background, medical history, and general considerations about public safety. Petitioner has not exhausted his administrative remedies.

Finally, the undersigned District Judge cannot hold Warden Williams in contempt for violating Judge Gwin's Order in another case. Judge Gwin has the authority to determine whether the Warden violated his Order. Any assertions of that nature should be raised in that case.

Accordingly, Petitioner's Motion to Proceed *In Forma Pauperis* (Doc. 3) is granted. The Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied, and this action is hereby dismissed without prejudice pursuant to 28 U.S.C. § 2243. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE


October 22, 2020